**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| RUBEN GOMEZ,<br><br>         Petitioner,<br> vs.<br>GARY SANDOR, Warden,<br><br>         Respondent. | CASE NO. 09cv2750-WQH-PCL<br><br>ORDER |

HAYES, Judge:

  The matter before the Court is the Report and Recommendation (ECF No. 13) of Magistrate Judge Peter C. Lewis, filed on August 13, 2010, recommending that this Court deny Petitioner Ruben Gomez's Petition for Writ of Habeas Corpus (ECF No. 1).

**I. Background**

  On March 6, 2004, Daniel Menchaca was shot and killed. (Lodgment 8 at 2). On September 14, 2004, police officers arrested Marco Moedano, Petitioner and two others in connection with the shooting. In the subsequent jury trial in San Diego County Superior Court, Petitioner was prosecuted as an aider and abettor in the death of Menchaca. *See id*. at 1-11. During the trial, Petitioner sought to cross-examine a police informant regarding a statement Moedano made to the informant that, "basically, before anybody could do anything [Moedano] rushed [Menchaca] and shot him up." *Id*. at 27; *see also* Lodgment 12 at 3031, 3322. The trial court ruled that the portion of Moedano's statement in which he confessed to the shooting was admissible as a statement against penal interest, but excluded as inadmissible hearsay the portion of the statement in which Moedano said he had acted "before anybody could do

anything." (Lodgment 8 at 27).

Petitioner was convicted of first-degree murder and carrying a loaded firearm in a vehicle. The trial court sentenced Petitioner to a total term of 25 years to life plus two years to be served concurrently. *Id*. at 11.

On August 13, 2008, the California Court of Appeal reversed Petitioner's conviction for first degree murder because of an instructional error, and ruled that if the first degree murder count was not retried, the judgment would be modified to reflect a conviction for second degree murder. *Id*. at 26, 43. The Court of Appeal affirmed the trial court's judgment on all other counts. *Id.* at 43. With respect to Petitioner's contention that the exclusion of the "before anybody could do anything" portion of Moedano's statement violated his federal due process right, the California Court of Appeal considered the cases of *Chambers v. Mississippi*, 410 U.S. 284 (1973), *Chia v. Cambra*, 360 F.3d 997 (9th Cir. 2004), and *LaGrand v. Stewart*, 133 F.3d 1253 (9th Cir. 1998). The Court of Appeal stated:

> The statement in *LaGrand* more closely resembles the excluded portion of the statement at issue here. In that case, Karl LaGrand, one of two bank robbers, made statements to police in which he claimed sole responsibility for stabbing and killing one of the victims, and said that Walter LaGrand had not stabbed anyone. The trial court excluded Karl's confession from Walter LaGrand's trial on the ground that it was unreliable. In denying Walter's petition for habeas corpus, the Ninth Circuit Court of Appeals determined that Karl's confession involved two separate statements: '[F]irst, that he, Karl LaGrand, stabbed Ken Hartsock, and second, that Walter LaGrand did not stab anyone.' ... The *LaGrand* court ... concluded, 'In stating that Walter did not stab anyone, Karl was not further incriminating himself. The reliability that attends the inculpatory part of his confession does not afford any reliability to that part of the statement that merely exculpates Walter.' Similarly, in stating that he acted 'before anybody could do anything,' Moedano did not further incriminate himself. The trial court properly admitted the portion of his statement in which Moedano did inculpate himself. We conclude that there was no deprivation of due process resulting from the trial court's decision to exclude that portion of Moedano's statement that neither expressly exculpated Gomez nor specifically inculpated Moedano.

(Lodgment 8 at 32-34 (citations omitted)).

On November 12, 2008, the Supreme Court of California denied Petitioner's Petition for Review. (Lodgment 11 at 1).

After direct appeal, Petitioner's sentence was reduced to 15 years to life. (ECF No. 1 at 1).

On December 8, 2009, Petitioner, represented by counsel, initiated this action by filing a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. The sole ground for relief in the Petition is that the "[t]rial court denied Petitioner due process of law and the right to present a defense, under the 6th and 14th Amendments, when" the trial court "allowed the admission of the part of Moedano's statement in which he admitted shooting the victim, but excluded the part about Moedano shooting the victim before the others could do anything." *Id*. at 6.

On August 13, 2010, the Magistrate Judge issued the Report and Recommendation recommending that the Petition be denied. (ECF No. 13). The Magistrate Judge stated:

> Petitioner's desire to present hearsay evidence of a statement made to [the] police informant ... that Moedano shot victim Menchaca 'before anybody could do anything' was appropriately weighed against the state's legitimate interest to present only reliable evidence to the jury. The Court of Appeal reasonably and persuasively concluded that ... this hearsay evidence, unlike the evidence in *Chambers*, was not 'specifically disserving' to declarant Moedano's penal interest. First, the declarant in the instant case, Moedano, did not further incriminate himself. Instead, the statement was consistent with the other presented evidence: [Moedano] was, in fact, the sole shooter and principal perpetrator of the murder. Secondly, unlike *Chambers*, where the oral confession of the declarant completely exculpated the defendant, Moedano's statement here did not necessarily relieve Gomez of his criminal liability as an aider and abettor or co-conspirator. By saying that he acted before the others could, Moedano did not necessarily say he was the only participant in the murder or that Gomez had nothing to do with the crime. Thus, after considering the fundamental requirement of trustworthiness as applied in *Chambers*, both the trial court and the California Court of Appeal reasonably concluded that no such assurance of reliability existed with respect to [the informant]'s testimony about Moedano's statement.

*Id*. at 10-11 (quoting Lodgment 8 at 29-30).

On August 25, 2010, Petitioner filed objections to the Report and Recommendation. (ECF No. 14). Petitioner contends that "the Magistrate Judge's analysis is contrary to the analysis in the controlling caselaw" because "[a] statement can be disserving of a declarant's penal interest even if it contains no information beyond the information contained in another statement by the declarant," and "controlling case law does not require that in order to be admissible the exculpatory statement must be such as to completely eliminate any possibility of the defendant's criminal involvement." *Id*. at 2, 4.

**II.    Standard of Review**

The duties of the district court in connection with a magistrate judge's report and recommendation are set forth in Rule 72 of the Federal Rules of Civil Procedure and 28 U.S.C. § 636(b)(1). The district court must "make a *de novo* determination of those portions of the report ... to which objection is made," and "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate." 28 U.S.C. § 636(b) (1); *see also U.S. v. Remsing,* 874 F.2d 614, 617 (9th Cir. 1989).

**III.  Discussion**

Petitioner objects to the Report and Recommendation in its entirety. Accordingly, the Court reviews the Petition and the Report and Recommendation *de novo*.

The Magistrate Judge correctly found that this Court's review of the Petition is governed by the deferential standard of the Antiterrorism and Effective Death Penalty Act of 1996. (ECF No. 13 at 7). Under this standard, a "petition cannot be granted unless the state court decision 'was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,' or 'was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.'" *Sass v. Cal. Bd. of Prison Terms,* 461 F.3d 1123, 1127 (9th Cir. 2006) (overruled on other grounds by *Hayward v. Marshall*, 603 F.3d 546 (9th Cir. 2010)) (quoting 28 U.S.C. § 2254(d)). The relevant state court decision in this case is the written decision by the California Court of Appeals. *See Ylst v. Nunnemaker,* 501 U.S. 797, 803-06 (1991).

"A defendant's right to present relevant evidence is not unlimited, but rather is subject to reasonable restrictions. ... [S]tate ... rulemakers have broad latitude under the Constitution to establish rules excluding evidence from criminal trials. Such rules do not abridge an accused's right to present a defense so long as they are not arbitrary or disproportionate to the purposes they are designed to serve." *United States v. Sheffer*, 523 U.S. 303, 308 (1998) (quotations omitted). The exclusion of evidence on hearsay grounds may constitute a denial of due process when the statement is critical to the defendant's defense and bears "persuasive assurances of trustworthiness." *Chambers*, 410 U.S. at 302. Declarations made against one's own penal interest tend to assure trustworthiness because "a person is unlikely to fabricate a

1  statement against his own interest." *Id.* at 299.  "[C]ourts have concluded that a statement that
2  includes both incriminating declarations and corollary declarations that, taken alone, are not
3  inculpatory of the declarant, must be separated and only that portion that is actually
4  incriminating of the declarant admitted under the exception." *LaGrand*, 133 F.3d at 1267-68
5  (citing *Williamson v. United States*, 512 U.S. 594, 599-600 (1994)); *see also People v. Lawley*,
6  27 Cal. 4th 102, 153 (2002) (same).

7  After *de novo* review of the Petition, the record and the submissions of the parties, the
8  Court finds that the California Court of Appeal correctly reasoned that the "before anybody
9  could do anything" portion of Moedano's statement was not against Moedano's penal interest,
10 and therefore the trial court did not err in separating the statement and excluding the non-
11 inculpatory portion.  *See* Lodgment 8 at 27-34 (Court of Appeal ruling); *see also* Lodgment
12 12 at 3031-35 (trial court ruling).  The California Court of Appeal correctly concluded that
13 "there was no deprivation of due process resulting from the trial court's decision to exclude
14 that portion of Moedano's statement that neither expressly exculpated Gomez nor specifically
15 inculpated Moedano."  *Id*. at 34; *see also LeGrand*, 133 F.3d at 1267-68; *cf. Chia*, 360 F.3d
16 at 1003-08.  Petitioner's objections are overruled.  The Petition is denied.

17 **IV.    Certificate of Appealability**

18 Pursuant to Rule 11(a) of the Federal Rules Governing Section 2254 cases, "[t]he
19 district court must issue or deny a certificate of appealability when it enters a final order
20 adverse to the applicant."  A certificate of appealability should be issued only where the
21 petition presents "a substantial showing of the denial of a constitutional right."  28 U.S.C. §
22 2253(c)(2).  "[A] [certificate of appealability] should issue when the prisoner shows … that
23 jurists of reason would find it debatable whether the petition states a valid claim of the denial
24 of a constitutional right and that jurists of reason would find it debatable whether the district
25 court was correct in its procedural ruling."  *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).
26 Although the Court denied the Petition, the Court finds that Petitioner has raised a colorable,
27 nonfrivolous, constitutional argument with respect to the claim in the Petition.  A certificate
28 of appealability is granted.

**V.    Conclusion**

IT IS HEREBY ORDERED that the Court ADOPTS the Report and Recommendation in its entirety. (ECF No. 13). The Petition for Writ of Habeas Corpus is DENIED. (ECF No. 1). A certificate of appealability is GRANTED. The Clerk of the Court shall close this case.

DATED:  November 4, 2010

*William Q. Hayes*
**WILLIAM Q. HAYES**
United States District Judge